# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HENRI WETSELAAR, MD, *et al.*,

    Defendants.

Case No. 2:11-CR-00347-KJD-CWH

**ORDER**

    Before the Court is Defendants Henri Wetselaar's and David A. Litwin's ("Defendants") Objections to Magistrate's Order Denying Defendants' Request for Franks Hearing (#112). The United States provided an anemic response (#113), and Defendants replied (#114). The Findings and Recommendation objected to is #109. The Findings and Recommendation relate to the Motion for a Franks hearing contained in Defendants' Omnibus Motion (#65), Motion for Franks hearing (#95), and Re-Filed Motion for Franks hearing (#99).

I. Background

    The factual and procedural background of this case is familiar to the Court and to the parties, and so will not be treated in depth here. However, a few salient points should be noted. Among other challenges, Defendants protest the search of their possessions at 24/7, a private vault operation. The affidavits and the warrant reference the numbered vaults assigned to Defendants. However, prior to

the warrant application, the United States was aware that 24/7 employees had removed the metal liners which actually contain the items within the vault, and deposited them in the floor vault. It was these unnumbered metal liners, and not the now empty numbered doors which were searched upon execution of the warrant.

I. Legal Standard

This Court has conducted a *de novo* review of the record in this case in accordance with 28 U.S.C. § 636(b)(1) and Local Rule IB 3-2.

A defendant qualifies for a Franks hearing "if the defendant can make a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false [or omitted] information. United States v. Reeves, 210 F.3d 1041, 1044 (9th Cir. 2000).

The Court notes that this is a high hurdle. First "[t]here is, of course, a presumption of validity with respect to the affidavit supporting the search warrant. Franks v. Delaware, 438 U.S. 154, 171 (1978). With that presumption in place, Defendants must make a *substantial* showing that the affidavits contain *intentionally* or *recklessly false statements*. However, not even this showing is enough. Defendants must also demonstrate that the affidavits would not support a finding of probable cause *but for* the false information.[1] At the outset, the Court notes that Defendants have been less than thorough, causing a host of issues including violation of Special Order 109 III(F)(4) and time-barring several of their allegations (#109; 2-3).

///
///
///

---

[1] Defendants correctly assert that probable cause must be evaluated after all relevant misrepresentations and omissions have been rectified. However, a cursory reading of the Findings and Recommendation (#109) shows that this is precisely the standard applied there.

2

II. Norris' Affidavits

### A. $3.6 Million versus $1.8 Million

Defendants argue that the $3.6 million of income allegedly generated by Dr. Wetselaar is unsupported by the financial records cited in Agent Norris' Affidavit (#68 Ex. 8). However, as noted by the Magistrate Judge:

> Norris did not state that his financial analysis was intended to prove the $3.6 million figure. Instead, Norris highlights specific financial behaviors he believed to be consistent with methods used by controlled substance diverters to conceal the nature of their illegal activity. Also, Defendants do not provide the Court with any financial statements revealing an inconsistent gross receipts figure or the alleged business records that do not support such revenue.

(#109; 8).

Rather than correct these shortcomings, Defendants simply iterate the same insufficient arguments. Defendants appear to be proceeding from the assumption that the financial analysis in Agent Norris' affidavit covers all of Dr. Wetselaar's income, capping it at $1.8 million. Precisely the opposite contention appears to be made by the Government who both conducted the investigation and provided the affidavits. If Defendants wish to successfully challenge the $3.6 million figure, they must actually make a substantial showing that the amount is 1) false, 2) due to intentional or reckless behavior, and 3) alters probable cause analysis when summed with all other relevant misrepresentations or omissions. Defendants fail to do all three despite the Magistrate Judge's prior analysis.

### B. Probable Cause

In Defendants' "ideal" affidavits from Mr. Norris, the $3.6 Million figure is reduced to $1.8 Million,[2] and they reference the removed and unnumbered metal liners rather than the "numbered doors" which previously contained the liners. The Court finds that these distinctions would have made no material difference in the probable cause analysis leading to the contested searches and

---

[2] Plaintiff failed to show that the allegation was intentionally or recklessly false, or even false at all, and so the $3.6 million figure remains. However, even if the reduced figure is used, probable cause remains when all relevant misrepresentations and omissions are summed.

3

seizures. Accordingly, the Court affirms and adopts the Magistrate Judge's Findings and Recommendations as to Agent Norris' Affidavits consistent with the above analysis.³

III. Still's Affidavit

Defendants acknowledge that nine of their twelve alleged misrepresentations and omissions are untimely raised (#112; 16). The Magistrate Judge found the petition procedurally improper, and Defendants' explanation for tardiness unpersuasive (#109; 3). Nevertheless, Defendants boldly assert that the Magistrate Judge "must have accepted" their arguments as "the Court then proceeded to the merits" (#112; 16). Defendants are incorrect. The Magistrate Judge was merely being thorough and assisting this Court in its analysis, an effort which is greatly appreciated.

This Court finds that all of Defendants' alleged misrepresentations or omissions are time-barred except items seven (prescription monitoring program), ten (urinalysis), and twelve (initial patient exams). However, even if all twelve assertions were proper, probable cause would still exist for the contested searches.

A. Number Seven; Prescription Monitoring Program

Defendants offer no meaningful evidence that omission of Dr. Wetselaar's orders for Prescription Monitoring Program Reports was reckless or intentional. As the Magistrate Judge correctly noted "it is unclear how a single check of a patient's prescription history performed before Dr. Wetselaar prescribed medication destroys the probable cause finding related to Dr. Wetselaar's behavior after reading the reports" (#109; 19). Further, as noted by the Magistrate Judge, even when the PMP Reports showed pain prescriptions from another physician, Dr. Wetselaar prescribed additional drugs. Accordingly, this omission is irrelevant, and neither reckless nor intentional.

///

///

---

³While the Court will address substantive arguments as to errors made by the Magistrate Judge, strained misreadings of the Findings and Recommendations do not merit analysis. Defendants' burden is to make a "substantial preliminary showing" not to invent irrelevant errors.

4

### B. Number Ten; Urinalysis of Undercover Agent

Defendants offer no meaningful evidence that omission of Dr. Wetselaar's orders for a urinalysis of one of the undercover agents was reckless or intentional. Dr. Wetselaar appears to have ordered a single urinalysis for one of the undercover agents. Again, such an isolated event, even when considered with all other such omissions, is of so little moment that the Court cannot consider it a reckless or intentional omission without substantial further evidence.

### C. Number Twelve; Initial Patient Examinations

Defendants allege that evidence of Dr. Wetselaar conducting legitimate physical examinations on the undercover agents was recklessly omitted. In so doing, Defendants reference various practices engaged in by Dr. Wetselaar, ostensibly as evidence of legitimacy. However, Defendants fail to support their allegation that the examinations were omitted intentionally or recklessly, especially given the dramatically reduced value of this evidence given the prescriptions written by Dr. Wetselaar without any physical exam whatever. Accordingly, Defendants fail to make a substantial preliminary showing that the affidavit contains intentionally or recklessly false statements or misleading omissions.

### D. Probable Cause

The Court agrees with the Magistrate Judge and finds that even were the above "omissions" intentional or reckless, they are insufficient to alter probable cause analysis given the depth and breadth of the incriminating evidence. Accordingly, Defendants fail the second step: making a substantial preliminary showing that the affidavit cannot support a finding of probable cause without the allegedly false information.

### E. The Barred Allegations

As the remaining allegations are time-barred the Court need not address them. However, it appears to the Court that few, if any of alleged omissions or misrepresentations were reckless or intentional. The Court further agrees with the Magistrate Judge that even if the Court were to find every alleged misrepresentation or omission reckless or intentional, the outcome would be the same.

Even when all alleged false statements are excised from the affidavits and all alleged misleading omissions are added to the affidavits, the Court finds that there is probable cause to issue the search warrants.

IV. Conclusion

**IT IS HEREBY ORDERED** that the Magistrate Judge's Findings and Recommendations (#109) are **ADOPTED AND AFFIRMED** in accordance with the above discussion. Accordingly, Defendants' Motion for <u>Franks</u> hearing (#95) and Re-Filed Motion for <u>Franks</u> hearing (#99) are **HEREBY DENIED**. Further, Defendants' Omnibus Motion (#65) is **DENIED** to the extent it is a petition for a <u>Franks</u> hearing.

DATED this 25th day of September 2013.

_____
Kent J. Dawson
United States District Judge